CHIEF JUSTICE TURNAGE
concurring:
I specially concur in the majority opinion. I recognize that this opinion involves a criminal prosecution and discusses the county *13 attorney’s protection from civil litigation in duties relating to prosecution of criminal matters as distinguished from what the majority opinion has held to be an administrative matter.
My concern, however, is that the majority opinion not be read or understood to exclude the county attorney’s protection from civil litigation in the many duties mandating the county attorney to institute or defend judicial proceedings in non-criminal matters.
County attorneys in Montana are required by statute to appear in court on behalf of the state in a wide variety of non-criminal matters. A partial list of those duties includes:
• defending suits against the county under § 7-4-2711, MCA;
• representing veterans in reemployment actions under § 10-2-214, MCA;
• representing election judges in challenges to electors under § 13-13-305, MCA;
• filing actions to enjoin a public nuisance under § 16-6-313, MCA;
• prosecuting or defending actions by or against a school district or community college district under § 20-1-204, MCA;
• prosecuting injunction actions against persons unlawfully practicing as a dentist under § 37-4-328, MCA;
• filing abuse, neglect, or dependency petitions under § 41-3-401, MCA;
• filing petitions for termination of the parent-child relationship under § 41-3-607, MCA;
• filing petitions for civil penalties for health care facility violations and for long-term health care facility violations under §§ 50-5-112 and 52-3-605, MCA;
• filing petitions for appointment of a guardian of an AFDC grant for the benefit of children under § 53-4-243, MCA;
• filing petitions for involuntary placement of seriously developmentally disabled persons in residential facilities under § 53-20-121, MCA, and for commitment of mentally ill persons under § 53-21-121, MCA;
• filing eminent domain proceedings under § 60-4-104, MCA;
• representing the State in actions to suspend a license to operate commercial vehicles under § 61-8-805, MCA;
• filing actions to impose civil penalties for air quality violations under § 75-2-413, MCA, solid waste management vio *14 lations under § 75-10-228, MCA, and hazardous waste violations under § 75-10-417, MCA;
• representing the Department of Commerce in actions by or against it, including injunctions and mandamus actions under § 81-23-406, MCA;
• filing actions to enforce civil, penalties on behalf of the board of oil and gas conservation under § 82-11-150, MCA; and
• providing assistance with enforcement of the dam safety act under § 85-15-109, MCA.
The rationale for providing county attorneys with immunity applies equally as to their duties in these non-criminal cases, and bears repeating:
The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor’s energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.
Imbler v. Pachtman (1976), 424 U.S. 409, 422-23, 96 S.Ct. 984, 991, 47 L.Ed.2d 128, 139.
The majority opinion must not be read to deny immunity to county attorneys in fulfilling their statutorily-required duties in non-criminal matters. Prosecutorial immunity may well apply in such situations. See e.g., Martin Hodas, East Coast Cinematics v. Lindsay (S.D. New York 1977), 431 F.Supp. 637; Hanson v. Flores (Iowa 1992), 486 N.W.2d 294. Protecting county attorneys from harassment by unfounded or vexatious litigation is just as essential to the functioning of our system of justice in relation to these non-criminal matters as it is in criminal matters.
I submit that the rationale of the United States Supreme Court underlying prosecutorial immunity in Irnbler as set forth above clearly supports its adoption in the matters relating to judicial proceedings that are mandated duties of a county attorney in the partial list of such duties above listed.
To subject a county attorney to being civilly sued for damages nearly every time the county attorney is, by law, mandated to initiate or defend judicial proceedings, which litigation would occur with the certainty that a shadow follows its substance, would seriously under *15 mine the performance of a county attorney’s duties without fear or favor to the untold detriment of Montana citizens.
I therefore specially concur with the majority’s opinion.
JUSTICE HARRISON joins in the foregoing special concurrence of CHIEF JUSTICE TURNAGE.